UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CONSTELLATION OPERATING SERVICES
and CONSTELLATION INVESTMENTS,
INC.

      Plaintiffs,

    v.

IHI NEW ENERGY, INC., IHI POWER
SERVICES CORP., and IHI POWER
GENERATION CORP.,

      Defendants.

12 Civ. 9321

OPINION

---

   This is a declaratory judgment action brought by Plaintiffs Constellation Operating Services and Constellation Investments seeking to clarify the status of certain accounts receivable under an agreement it entered into with Defendant IHI Power Services.

   At issue now is the propriety of defendants' removal of this case from New York Supreme Court. Two of the defendants—IHI New Energy Inc. and IHI Power Generation Corp.—are citizens of New York and, thus, their presence in the action would require that the case be remanded to state court so long as these defendants were properly joined and served. Constellation moves to remand the case on this basis. Defendants contend that IHI New Energy and IHI Power Generation Corp. were added fraudulently and, accordingly, contend that removal was proper and move for judgment on the pleadings in favor of those two defendants. With either IHI New Energy or IHI Power Generation

1

Corp. as a defendant, there would not be the necessary diversity of citizenship between plaintiffs and defendants to support federal diversity jurisdiction over the action.

Constellation's motion to remand is granted. Defendants' motion for judgment on the pleadings is denied.

## Background

### Case History

An action substantially identical to this case was brought by Constellation Operating Services (but not Constellation Investments) on November 26, 2012, in New York Supreme Court. Defendants removed that case to this court on December 4, but Constellation Operating Services voluntarily dismissed it a week later.

Almost simultaneously, Constellation Operating Services, now joined by Constellation Investments, brought another action, again in state court. The primary difference between this second action and the first is that the complaint in the second action adds a more detailed discussion of the New York-domiciled defendants, IHI New Energy and IHI Power Generation.

### The Complaint

Constellation Operating Services operates power plants. This includes making repairs, employing plant personnel, purchasing equipment, and negotiating power-purchase agreements with utilities. Constellation Investments owns investment interests in the plants.

In late 2011, Constellation Operating Services and Constellation Investments began to explore the possibility of selling its interests in five power plants in California. IHI Corporation, a Japanese company that is not a party to this suit, emerged as the most

promising potential buyer.  A Sale and Purchase Agreement was negotiated and agreed to between IHI New Energy—a wholly owned subsidiary of IHI Corporation—and Constellation Investments.  The agreement was originally made between Constellation Investments and IHI New Energy, but IHI New Energy later assigned its rights under that agreement to IHI Power Generation and IHI Power Services, two of the three defendants in the present action.  This sale agreement was conditioned upon Constellation Operating Services assigning its management contracts for each plant to IHI Power Services.  A form Assignment and Assumption Agreement designed to effect these assignments was agreed to and was annexed to the Purchase and Sale agreement.

   Constellation Operating Services, as required, executed the Assignment and Assumption Agreement, assigning its rights and responsibilities under its management contracts with the five plants to IHI Power Services.  But precisely which rights were assigned soon became an issue.

   At the time the Assignment and Assumption Agreement was executed, the five plants covered by that agreement owed Constellation Operating Services approximately $11.5 million.  Constellation Operating Services contends that this situation was discussed at some length during the negotiations between Constellation and defendants and every party understood—or seemed to understand—that this assignment of rights did not include the right to the $11.5 million already owed, so that any payments on the $11.5 million would go to Constellation Operating Services and not IHI Power Services.

   But it would seem that IHI Power Services had a different view, because soon after executing the Assignment and Assumption Agreement, IHI Power Services began writing

to plant owners informing them that future payments on the $11.5 million should be made to IHI Power Services.  Constellation Operating Services quickly responded with letters of its own telling plant owners, in effect, to disregard the letters from IHI Power Services and to make payments to it, not IHI Power Services.  Plant owners then wrote to IHI Power Services and Constellation informing them that they had no wish to get involved in the apparent dispute between IHI Power Services and Constellation and, accordingly, would not send payments to anyone until IHI Power Services and Constellation provided them with joint instructions for making the payments.

   A representative of IHI Power Services and IHI Power Generation then allegedly wrote to Constellation Operating Services insisting that "the terms of the Purchase Agreement (including the [Assignment and Assumption] Agreement)" required Constellation to instruct the plant owners to make payments to IHI Power Services.  The representative threatened that IHI Power Services would pursue legal action under the Purchase and Sale Agreement if Constellation did not send this instruction.

   Needless to say, Constellation Operating Services did not comply. Instead it brought the filed suit.  The current action is against the three defendants named in the caption.  It was brought in state court and was removed to federal court.  This removal is now being challenged.

## Discussion

   As already described, IHI Power Services removed the action from New York state court, despite the presence of two New York defendants, IHI Power Generation and IHI New Energy.  Defendants argue that the two New York defendants were fraudulently

joined. Constellation now moves to remand on the basis that these defendants were, in fact, properly joined and that, therefore, their presence in the action should bar removal and require remand.

To make out a case of fraudulent joinder, a defendant

> must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court. The defendant seeking removal bears a heavy burden of proving fraudulent joiner, and all factual and legal issues must be resolved in favor of the plaintiff.

Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998).

Thus, the court's present task is to apply the Pampillonia test to the claims against the two defendants in question, assessing whether, based on the pleadings, there is any possibility that Constellation Operating Services can state a cause of action against either of them.

The answer is in the affirmative.

Defendants characterize this as fundamentally a contract dispute between Constellation Operating Services and IHI Power Services over the proper interpretation of the Assignment and Assumption Agreement. IHI New Energy and IHI Power Generation were not parties to that contract and have not taken any action to give rise to a controversy with plaintiffs. Therefore, defendants argue, Constellation could not possibly obtain relief from them.

But these arguments overlook two things. First, the complaint alleges that *both* IHI Power Services and *one of the New York defendants, IHI Power Generation*, wrote to

Constellation Operating Services to demand that it perform under the operating-services contract and to threaten a lawsuit if it did not.  Thus, taking the allegations to be true, the court cannot agree with defendants' contention that no defendant other than IHI Power Services is in a position of controversy with Constellation.  It would seem that IHI Power Generation has inserted itself into the controversy about the operating-services contract.

Furthermore, the complaint alleges that the Purchase and Sale agreement was conditioned upon Constellation Operating Services's execution of the Assignment and Assumption Agreement.  Thus, while only Constellation Operating Services and IHI Power Services were parties to the Assignment and Assumption Agreement itself, an alleged breach of that agreement might also jeopardize the Purchase and Sale Agreement between Constellation Investments and IHI Power Generation (as assignee of IHI New Energy).  This concern is not unrealistic.  The complaint alleges that when IHI Power Services and IHI Power Generation wrote to Constellation Operating Services threatening legal action, they threatened to sue under the Purchase and Sale Agreement, not the Assignment and Assumption Agreement.  Thus, the Constellation plaintiffs might reasonably hope for a declaration not only that it was not in breach of its obligations to IHI Power Systems under the Assignment and Assumption Agreement, but also that, consequently, it was not in breach of its obligations under the Purchase and Sale Agreement.

To be sure, it is uncertain precisely how such a case would develop or whether it would prove to be meritorious.  But at this stage the court is bound to resolve factual doubts in the plaintiff's favor.

## Conclusion

The court concludes that IHI Power Generation was properly joined as a defendant. This means that there is one New York defendant in the action and this precludes federal diversity jurisdiction. Accordingly, plaintiffs' motion to remand this case to New York state court is granted. The motion for judgment on the pleadings with respect to the claims against IHI New Energy and INI Power Generation is denied without prejudice to any action the state court may deem appropriate.

This opinion resolves the motions listed as document numbers 9 and 14 in case 12 Civ. 9321.

So ordered.

Dated: New York, New York
September 24, 2013

_____
Thomas P. Griesa
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/24/2013